(67 Misc. Rep. 525.)

### In re CLEMENT, State Com'r of Excise.

(Supreme Court, Special Term, New York County. May, 1910.)

INTOXICATING LIQUORS (§ 106*)—REVOCATION OF LICENSE—GROUNDS.

The holder of a liquor tax certificate obligates himself to see that the place does not become disorderly, and, when disorderly practices are carried on there, the license must be revoked, though the knowledge of the proprietor is not shown.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

Petition by Maynard N. Clement, State Commissioner of Excise, for an order revoking liquor tax certificate issued to Benjamin H. Guske. License revoked.

H. H. Kellogg and A. O. Briggs, for petitioner.

Robert Moore, for respondent.

GOFF, J. Gentlemen, with the social aspect of the case I have nothing at all to do. Upon that phase there may be difference of opinion as to the wisdom of the law, but a judge on the bench has nothing at all to do with that; that rests with the Legislature. The Legislature having enacted a law, it rests with the judge only to determine whether on the evidence that law has been violated. To charge the proprietor of a resort with direct and personal knowledge of disorderly or illegal practices being committed in his premises is not necessary. Knowledge may be imparted to the proprietor of a place without a word having been spoken. Indeed, if an evasion of the law be contemplated, it can very well be understood that words might be spoken to the proprietor or his representative that would have a different import or real meaning from what their probable expression had in view. But there rests upon the proprietor of such a place an affirmative duty, a duty to see that no act or practice shall be permitted in his place in contravention of the law. It is not sufficient for him to remain idle and say: "Well, as long as I do not know it personally, these things may go on." He must bestir himself. He obligates himself to the state when he acquires a right to sell liquor that he shall not do or permit to be done certain things in his place. Looking at it from that point of view, which I think is the correct one so far as responsibility rests upon the proprietor of such a resort, I am bound to conclude from the testimony in this case that the great preponderance of credible testimony is that this place was an evil resort; that it was frequented by lewd women for the purposes of making assignations and plying their vocation; that that was done so frequently and continuously that the proprietor should have known, and it was his duty to have known that it was not confined to an isolated transaction or an isolated individual, but it was the practice and custom of the place. These women found a ground there on which to meet men and make their assignations; they continued to do that thing—plied their vocation as prostitutes in this place—without disturbance or hindrance on the part of the proprietor. I, am, therefore

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bound, as I say, under the fair preponderance of the credible evidence before me, to conclude that the petition should be granted and the license revoked.

Petition granted, and license revoked.